| | | |
|---|---|---|
| RETURN DATE: OCTOBER 13, 2020 | : | SUPERIOR COURT |
| ERIC PARENT | : | J.D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| BRIAN FOSTER & ABF FREIGHT SYSTEM, INC. | : | SEPTEMBER 1, 2020 |

## COMPLAINT

### COUNT ONE – ERIC PARENT V. BRIAN FOSTER

1. On or about October 2, 2018 at approximately 11:16 p.m., the plaintiff, Eric Parent, was operating a motor vehicle in the center lane of I-95 Southbound in Norwalk, Connecticut.

2. At the same time and place the defendant, Brian Foster, was operating a motor vehicle owned by ABF Freight System, Inc. with its full permission and consent, in the left lane of I-95 Southbound in Norwalk, Connecticut.

3. At said time and place, as the plaintiff was traveling southbound, the defendant, Brian Foster, suddenly and without warning moved his vehicle from the left lane of travel into the center lane of travel and collided with the plaintiff's vehicle.

4. The aforementioned collision was caused by the negligence of the defendant, Brian Foster, in one or more of the following ways:

    a. In that he failed to keep his automobile under reasonable and proper control;

    b. In that he failed to maintain a proper look out for other vehicles or conditions on the roadway or to pay attention to where he was heading;

    c. In that he failed to apply his brakes in time or in a sufficient fashion so as to avoid the collision;

    d. In that he failed to sound his horn or to make any attempt whatsoever to give the Plaintiff a timely warning of the impending collision;

    e. In that he failed to turn his vehicle in order to avoid the collision;

    f. In that he failed to otherwise use proper precautions or measures to avoid the collision;

    g. In that he failed to remain awake and alert during his operation of said vehicle;

    h. In that he operated his motor vehicle at a rate of speed greater than what was reasonable in light of the width, traffic and use of the highway in violation of the common law;

    i. In that he operated his motor vehicle at a rate of speed greater than what was reasonable in light of the width, traffic and use of the highway in violation of Connecticut General Statute Section 14-218a;

    j. In that he failed to operate his motor vehicle as nearly as practicable entirely within a single lane of travel and moved her vehicle from such lane when such movement could not be made with safety in violation of the common law;

    k. In that he failed to operate his motor vehicle as nearly as practicable entirely within a single lane of travel and moved her vehicle from such lane when such movement could not be made with safety in violation of Connecticut General Statutes Section 14-236.

5. As a direct and proximate result of the defendant's negligence, the Plaintiff, Eric Parent, did suffer injuries and damages some or all of which may be permanent in nature including:

    a. Cervical spine injury;

    b. Thoracic spine injury;

    c. Lumbar spine injury;

    d. Radiculopathy;

    e. Headaches;

    f. Right shoulder;

    g. Multiple teeth fractures;

    h. Associated physical pain and suffering.

6. As a direct and proximate result of the aforesaid negligence of the defendant, the Plaintiff, Eric Parent, has suffered and continues to suffer mental anguish, frustration and anxiety over the fact that he was and remains injured.

7. As a direct and proximate result of the aforesaid negligence of the defendant, the Plaintiff, Eric Parent, has been forced to expend sums of money for medical care and treatment, medications and therapy and may be forced to incur additional sums in the future.

8. As a direct and proximate result of the aforesaid negligence of the defendant, the Plaintiff, Eric Parent, has been limited in his ability to engage in his usual occupation as he had prior thereto and may be so limited in the future.

9. As a further result of the defendant's negligence, the Plaintiff, Eric Parent, has been limited in his ability to enjoy and engage in all of life's activities as he had prior thereto and may be so limited in the future.

## **COUNT TWO – ERIC PARENT V. ABF FREIGHT SYSTEM, INC.**

1-9. Paragraphs 1 through 9 of Count One are hereby incorporated by reference and made corresponding paragraphs 1 through 9 of this Count Two.

10. The defendant, ABF Freight System, Inc., is vicariously liable for the negligence of the defendant, Brian Foster, pursuant to Connecticut General Statutes Sections 52-183 as its agent, servant and/or employee.

WHEREFORE, the plaintiff claims:

1. Compensatory damages;

2. Such other relief the court deems appropriate.

THE PLAINTIFF,

By: _____
R.J. WEBER, III, ESQ.
**Weber & Rubano, LLC**
401 Center Street
Wallingford, CT 06492
Phone: (203) 626-9172
Fax: (203) 626-9175
Juris No.: 432211

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 13, 2020 | : | SUPERIOR COURT |
| ERIC PARENT | : | J.D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| BRIAN FOSTER & ABF FREIGHT SYSTEM, INC. | : | SEPTEMBER 1, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The plaintiff claims money damages in excess of $15,000.00.

THE PLAINTIFF,

By: _____
R.J. WEBER, III, ESQ.
**Weber & Rubano, LLC**
401 Center Street
Wallingford, CT 06492
Phone: (203) 626-9172
Fax: (203) 626-9175
Juris No.: 432211